No. 95-360

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FARM CREDIT BANK OF SPOKANE,
a corporation, successor by
merger to The Federal Land
Bank of Spokane,

Plaintiff and Respondent,

v.

RONALD FULBRIGHT and GAYLE FULBRIGHT,
husband and wife; WILLIAM L. DICKSON and
BERTHA A. DICKSON, husband and wife;
DUANE SCOTT and RENAE SCOTT, husband
and wife; and LYNN BLAIR,

Defendants and Appellants.



FILED

DEC 12 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable John R. Christensen, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Ronald Fulbright, Coffee Creek, Montana (pro se)

        For Respondent:

            A. Lanch Tonn, Lucas & Monaghan, Miles City, Montana


                        Submitted on Briefs:   November 9, 1995

                                  Decided:   December 12, 1995

Filed:

_____
                Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellants appeal the order of the Tenth Judicial District Court, Fergus County, granting Respondent an extension of the time in which it may execute a foreclosure entered against Appellants.

We affirm.

Appellants Fulbright (Fulbrights) obtained a loan from Respondent (Bank), and, as collateral, executed a mortgage in the Bank's favor on certain real property. The Fulbrights subsequently defaulted on the loan, and the Bank foreclosed the mortgage. The Bank sold the foreclosed property for considerably less than the amount of the loan, and obtained a deficiency judgment against the Fulbrights for the amount still owed.

Under § 25-13-101, MCA, a party has six years in which to execute a judgment, but § 25-13-102, MCA, provides that a judge may extend the time allotted for execution. The Bank moved for such an extension, which the District Court granted. The Fulbrights appeal the order extending the time allowed for executing the judgment. As the sole basis of their appeal, they allege that the Bank is a foreign corporation and, as such, must obtain a certificate of authority before conducting business in the state of Montana.

While the Fulbrights contend that the Bank is a foreign corporation and the Bank contends it is not, we need not consider this issue because we find the plain language of the pertinent statute to be dispositive.

Section 35-1-1026, MCA, provides:

2

> (1) A foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state.
> (2) The following activities, among others, do not constitute transacting business within the meaning of subsection (1) . . .
> (g) creating or acquiring indebtedness, mortgages and security interests in real or personal property;
> (h) securing or collecting debts or enforcing mortgages and security interests in property securing the debts . . . .

The activities the Bank has pursued in this case involve creating a mortgage and collecting a debt by foreclosing on the mortgage. Under the plain language of the above statute, it is irrelevant whether the Bank is a foreign corporation or not. Even assuming *arguendo* that it is, it need not obtain a certificate of authority in order to pursue these activities.

The Fulbrights contend that § *35-1-1026,* MCA, is not applicable in this case because the Bank initiated the foreclosure action in 1988 and this statute was not enacted until 1992. However, the Fulbrights have overlooked the predecessor to § 35-1-1026, MCA, which similarly provided:

> [A] foreign corporation shall not be considered to be transacting business in this state for the purposes of this chapter by reason of carrying on in this state any one or more of the following activities . . . (7) creating, as borrower or lender, or acquiring indebtedness or mortgages or other security interests in real or personal property; (8) securing or collecting debts or enforcing any rights in property securing the same . . . .

Section 35-1-1002, MCA (1987). This predecessor to the current § 35-1-1026, MCA, was enacted in 1967, and therefore was in force during all of the events pertinent to this case.

Because the Bank need not obtain a certificate of authority in order to execute a foreclosure, regardless of whether it is a foreign corporation or not, the order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

December 12, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Ronald Fulbright
c/o Box 98
Coffee Creek, Montana


A. Lance Tonn, Esq.
Lucas & Monaghan, P.C.
513 Main St.
Miles City, MT 59301


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy